UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY, a Delaware corporation doing business in Washington,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TACOMA, DEPARTMENT OF PUBLIC UTILITIES, a municipal corporation,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Indian Harbor Insurance Company states and pleads as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is grounded in 28 U.S.C. § 1332. Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is appropriate under 28 U.S.C. § 1391(a). A substantial part of the events giving rise to this lawsuit occurred in Washington.

**PARTIES**

3. Plaintiff Indian Harbor Insurance Company ("Indian Harbor") is an insurance company domiciled in Delaware with its principal place of business in Stamford, Connecticut.

COMPLAINT FOR DECLARATORY JUDGMENT - 1
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1      4.      Defendant City of Tacoma is a Washington municipal corporation and the Department of Public Utilities is a department of the City of Tacoma.

## FACTUAL BACKGROUND

5.      This action seeks a declaration of this court that Indian Harbor owes no duties or obligations of defense or indemnity to its policy holder, City of Tacoma Department of Public Utilities with respect to the complaint filed in Pierce County Superior Court by U.S. Oil & Refining Company captioned, <u>U.S. Oil & Refining Co. v. City of Tacoma, Washington Department of Public Utilities</u>, Pierce County Superior Court Case No. 18-2-07232-3 ("Underlying Lawsuit"). A copy of the complaint is attached as Exhibit A.

6.      Indian Harbor issued an insurance policy covering wrongful acts of officials and employees of the Tacoma Department of Public Utilities (hereinafter "Department") while acting within the scope of their duties. The policy, entitled Public Officials and Employment Practices Liability Insurance, bears a policy number of POI9516127-04 and has a policy period of December 1, 2015 through December 1, 2016 (the "Indian Harbor Policy"). A copy of the Indian Harbor Policy is attached as Exhibit B.

7.      The primary purpose of this type of policy is to provide insurance coverage for liabilities not typically covered by standard commercial general liability ("CGL") policies. Unlike a CGL policy, the Indian Harbor Policy is designed to cover claims for damage arising from wrongful acts that do not result in property damage, physical injury to tangible property, and/or loss of use of tangible property—risks typically insured under a CGL policy.

8.      The Department tendered U.S. Oil & Refining Co.'s ("US Oil") tort claim notice to Indian Harbor in August 2017 (the "August 2017 Notice"). A copy of the August 2017 Notice is attached as Exhibit C. In the August 2017 Notice, U.S. Oil alleges damages resulting from a loss

COMPLAINT FOR DECLARATORY JUDGMENT - 2
No.

MURPHY ARMSTRONG & FELTON LLP
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

of power to its refinery. Although no lawsuit had been filed, Indian Harbor accepted the tender under a full reservation of rights and appointed defense counsel to investigate the allegations contained therein.

9.  In its reservation of rights letter, Indian Harbor advised, among other things, that the duty to defend had not been triggered in the absence of a "suit" as defined in the Indian Harbor Policy, that the Department is responsible for defense costs up to the Policy's $200,000 deductible, and that the Indian Harbor Policy excludes coverage for any damages based upon or arising out of physical injury to tangible property, including all resulting loss of use of that property and loss of use of tangible property that is not physically injured.

10. U.S Oil subsequently filed the Underlying Lawsuit against the Department on April 12, 2018.

11. All of the damages alleged in the Underlying Lawsuit are not covered under the Indian Harbor Policy. The damages alleged in the Underlying Lawsuit typically are covered under a CGL policy.

12. The claims asserted in the Underlying Lawsuit arise from two brief interruptions of electric power to a U.S. Oil refinery in Tacoma that occurred April 28, 2016. Exhibit A, ¶ 18. U.S. Oil alleges that the unexpected interruptions of electric power resulted in an unanticipated, emergency shut down of its refinery. Id., ¶¶ 19-20. U.S. Oil alleges that the abrupt shutdown resulted in "heavy flaring and equipment damage" and plugged refinery components. Id., ¶¶ 21-22.

13. U.S. Oil further alleges that the Department's interruption of power caused reductions of oil production, damage to equipment, and a hobbled refinery. Exhibit A, ¶¶ 22-23. U.S. Oil seeks damages consisting of lost profits from refinery products that were not able to be

COMPLAINT FOR DECLARATORY JUDGMENT - 3
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

produced, costs to manage excess unprocessed crude oil stock, increased costs associated with the unplanned refinery shutdown, and damage to equipment.  Id., ¶ 23.

14. U.S. Oil alleges that it entered a "Power Supply Agreement" with the Department in August 2000 that led to the construction of a new, local substation to supply sufficient and continuous electrical service to U.S. Oil and obligated the Department to notify U.S. Oil of any maintenance of the substation.  Exhibit A, ¶¶ 11-13; 25-26.

15. U.S. Oil alleges that the Department breached the "Power Supply Agreement" by failing to notify U.S. Oil of the planned maintenance and failing to operate the substation in a manner that provided continuous power, resulting in damages.  Exhibit A, ¶¶25-31.

16. U.S. Oil's complaint in the Underlying Action also includes a claim of breach of implied contract.  U.S. Oil alleges the Department breached implied contracts to supply continuous and sufficient power and to notify U.S. Oil of plans to perform any work at the substation where the April 28, 2016 power interruption occurred.  Exhibit A, ¶¶24-31.

17. U.S. Oil further asserts a claim of breach of the implied covenant of good faith and fair dealing relating to the "Power Supply Agreement."  U.S. Oil alleges that the Department breached this covenant by failing to supply continuous and sufficient power during the April 2016 incident and by failing to take reasonable measures to provide notice of the planned maintenance on the day of the power interruption.  Exhibit A, ¶¶ 44-50.

18. All of the damages sought by U.S. Oil in the Underlying Lawsuit are not covered under the Indian Harbor Policy.

**THE POLICY PROVISIONS**

19. The Indian Harbor Policy's Insuring Agreement states in relevant part:

COMPLAINT FOR DECLARATORY JUDGMENT - 4
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1. We will pay those sums that the insured becomes legally obligated to pay as **damages** because of a **claim** arising out of a **wrongful act** (regardless of whether or not such allegations prove to be groundless, false or fraudulent) in the discharge of duties by or on behalf of the Named Insured as shown in the Declarations provided always that the **wrongful act(s)** occurred during the policy period and within the policy territory.

2. We will have the right and duty to defend, except where otherwise excluded, any suit seeking damages to which this insurance applies. We may, at our discretion, investigate any claim or suit.

Exhibit B, Endorsement #3 (emphasis in original).

20. The Indian Harbor Policy defines "damages" as:

those amounts that the Insured becomes legally obligated to pay for **claim** or **suits** arising out of a **wrongful act** and shall include **claims expenses.** Damages includes all interest on the full amount of any judgment that accrues after entry and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limits of Liability. Damages also includes an award of an opposing party's attorney fees. Damages shall not include common law, statutory, or regulatory fines or penalties.

Exhibit B, p.11 (emphasis in original).

21. The Indian Harbor Policy defines "wrongful act" as "a negligent act, error or omission, or wrongful employment practice." Exhibit B, p.11.

22. The Indian Harbor Policy defines a "suit" as:

a civil proceeding in which **damages** to which this insurance applies are alleged. Suit includes:

1. an arbitration proceeding in which such **damages** are claimed and to which you must submit or do submit with our consent; or

2. any other alternative dispute resolution proceeding in which such **damages** are claimed and to which you submit with our consent.

Exhibit B, p.11 (emphasis in original).

23. Accordingly, Indian Harbor's duty to defend only is triggered by a **suit** seeking **damages** which are covered under the Indian Harbor Policy.

COMPLAINT FOR DECLARATORY JUDGMENT - 5
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1  24. The Indian Harbor Policy specifically excludes coverage for any damages based upon or arising out of property damage and contractual liability.

**SECTION II – EXCLUSIONS**

This policy does not apply to:

. . .

7. **Bodily Injury, Personal Injury, Advertising Injury or Property Damage**

Any **damages** based upon or arising out of:

. . .

e. physical injury to tangible property, including all resulting loss of use of that property;

f. loss of use of tangible property that is not physically injured.

Exhibit B, pp. 3-4 (emphasis in original).

25. The Indian Harbor Policy also contains the contractual liability exclusion:

**SECTION II – EXCLUSIONS**

This policy does not apply to

Any **damages** the Insured is obligated to pay by reason of assumption of liability in a contract or agreement. This exclusion does not apply to liability for **damages** that the Insured would have in the absence of the contract or agreement.

Exhibit B, p.5 (emphasis in original).

26. Because the Underlying Litigation does not seek any damages which are covered under the Indian Harbor Policy, Indian Harbor has no duty to defend or to indemnify the Department in the Underlying Litigation.

COMPLAINT FOR DECLARATORY JUDGMENT - 6
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment Against the City of Tacoma Department of Public Utilities**

27. Paragraphs 1 through 26 are incorporated herein as if expressly alleged.

28. As set forth in 28 U.S.C. § 2201, Indian Harbor is entitled to a judicial determination concerning the scope and nature of its rights and obligations established under the policy issued to Defendant City of Tacoma Department of Public Utilities with respect to the matters alleged in the Underlying Lawsuit.

29. An actual justiciable controversy exists between Indian Harbor and the Department concerning the existence of a duty to defend and whether indemnity coverage may be provided for the claims alleged in the Underlying Lawsuit.

30. For any alleged obligation, Indian Harbor is entitled to a judicial declaration that Indian Harbor has no duty to defend or indemnify Defendant City of Tacoma Department of Public Utilities with respect to claims alleged by U.S. Oil as asserted in the Underlying Lawsuit.

31. Indian Harbor requests the Court to issue a judicial determination that the terms, conditions and exclusions of the Indian Harbor policy apply to preclude coverage for any claims related to the Underlying Lawsuit, including but not limited to the following:

(a) Any claims for damages in the Underlying Lawsuit do not constitute covered **damages** as defined in the Indian Harbor Policy.

(b) The Indian Harbor's Policy's bodily injury, personal injury, advertising injury or property damage exclusion and contractual liability exclusion eliminate coverage for the claims in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT - 7
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

(c) Indian Harbor has no duty to defend because the allegations of the Underlying Lawsuit do not set forth a wrongful act resulting in covered damages as those terms are used in the Indian Harbor Policy.

(d) The Indian Harbor Policy, by its terms, does not require Indian Harbor to provide defense or indemnity to the Department with respect to the Underlying Lawsuit.

(e) Indian Harbor may withdraw from participation in the defense of the Underlying Lawsuit.

(f) Other policy language or provisions may restrict coverage for the allegations contained in the Underlying Lawsuit.

## RESERVATION OF RIGHT TO AMEND

32. Indian Harbor reserves the right to amend its complaint, in whole or in part, as it obtains additional facts through investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declaring that no duty to defend or indemnify exists under the Indian Harbor Policy for any matter alleged in the Complaint in the Underlying Lawsuit;

2. Awarding to Indian Harbor its costs, disbursements, and attorneys' fees associated with this action as permitted by contract, statute, equity and/or other applicable laws; and

3. Granting Indian Harbor such other and further relief that the Court deems just and equitable.

DATED this 16th day of May, 2018.

MURPHY ARMSTRONG & FELTON LLP

By: __/s/ James P. Murphy_____
    __/s/ Brian C. Armstrong_____

COMPLAINT FOR DECLARATORY JUDGMENT - 8
No.

MURPHY ARMSTRONG & FELTON LLP
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

| | |
|---|---|
| 1 | \_\_/s/ Tracy Y. Williams_____ |
| | James P. Murphy, WSBA #18125 |
| 2 | Brian C. Armstrong, WSBA #31974 |
| | Tracy Y. Williams, WSBA #35239 |
| 3 | 701 Millennium Tower |
| | 719 Second Avenue |
| 4 | Seattle, WA 98104 |
| | T/206-985-9770; F/206-985-9790 |
| 5 | jpm@maflegal.com |
| | bca@maflegal.com |
| 6 | tyw@maflegal.com |
| | Attorneys for Indian Harbor Insurance |
| 7 | Company |

COMPLAINT FOR DECLARATORY JUDGMENT - 9
No.

**MURPHY ARMSTRONG & FELTON LLP**
701 Millennium Tower
719 Second Avenue
Seattle, WA 98104
T/206-985-9770  F/206-985-9790